**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**RALPH OWEN BAKER, aka
WALTER-ELIYAH THODY,**

       Petitioner,

v.                                                                     **Civil Action No. 2:13-CV-58
(BAILEY)**

**MARY JO WILLIAMS, U.S. Parole Commission,
and TERRY O'BRIEN, Warden,**

       Respondents.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert [Doc. 23], filed March 3, 2014. In that filing, the magistrate judge recommends that this Court deny the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. 1], filed June 20, 2013.

Pursuant to 28 U.S.C. § 636 (b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo*

1

review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within 14 days of service, pursuant to 28 U.S.C. § 636(b)(1). The petitioner accepted service on March 6, 2014 [Doc. 24] and timely mailed objections, which were received by this Court on March 21, 2014 [Doc. 25]. Accordingly, this Court will undertake a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court will review the remainder of the R&R for clear error.

I. **Background**

Insofar as Magistrate Judge Seibert has thoroughly outlined the relevant factual and procedural history in his R&R, this Court repeats here only a condensed version of that summary. The petitioner previously served a federal sentence and was released to begin parole supervision on September 19, 1989. In 1991, while on parole, the petitioner was rearrested and charged with multiple counts in connection with two bank robberies.

On November 21, 1991, the Parole Commission ("USPC") issued a warrant for the petitioner, alleging violations of the conditions of parole. On January 28, 1992, after a jury trial on the bank robbery charges, the petitioner was convicted and sentenced to 475 months imprisonment, to be followed by three years of supervised release.

On October 5, 1992, the USPC forwarded the parole violator warrant to U.S.P. Leavenworth, where the petitioner was serving his sentence, with instructions to place the warrant as a detainer. On February 1, 1993, following a dispositional record review, the USPC determined that it would let the warrant stand as a detainer, but scheduled a record

review in January 1996. No action was taken on the detainer until May 14, 2003, when the USPC issued a Notice of Action rescinding the earlier order scheduling a record review and affirming the decision to let the warrant stand as a detainer.

In June 2013, the petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the USPC detainer is unlawful because the petitioner did not receive a parole revocation hearing within 180 days of entrance in federal custody, as required by law [Doc. 1]. The petitioner further claims that the detainer is prejudicing his application for compassionate release [Id.]. The respondents moved to dismiss or, in the alternative, for summary judgment on the ground that the petitioner is not entitled to a parole revocation hearing before the USPC's warrant is executed, that the USPC has conducted the required dispositional record review of the warrant/detainer, and that the petitioner has not been prejudiced by the decision to let the warrant stand as a detainer [Doc. 17]. The petitioner moved for summary judgment on December 22, 2013 [Doc. 22].

On March 3, 2014, Magistrate Judge Seibert filed the instant R&R [Doc. 23], recommending that the Court deny and dismiss with prejudice the petitioner's § 2241 petition in its entirety. The petitioner timely objected [Doc. 25].

## II. Discussion

Upon a review of the petitioner's petition and objections, this Court agrees with the magistrate judge that the petitioner is not entitled to the relief he seeks.

The petitioner filed a letter with this Court, in which he states his intention that the letter be considered a response to the Report & Recommendation [Doc. 25 at 1]. The

petitioner states that he has been placed in a Special Housing Unit at prison and, as a result, has no access to legal resources [Doc. 25 at 1]. The petitioner states that he will soon turn 75 years old and needs to spend time with his family, which includes three children, eleven grandchildren, four great grandchildren, and two sisters. He states that if the USPC has no intention to detain him beyond his projected release date, the current detainer serves no purpose [Id.].

The petitioner's main contention in his petition for writ of habeas corpus is that he was entitled to a parole revocation hearing within 180 days after his entrance into federal custody, and that the current detainer is prejudicing his application for compassionate release and/or transfer to another facility.

### A. Revocation Hearing

The petitioner is correct that he is entitled to a parole revocation hearing. However, the time for a parole revocation hearing is calculated from the execution of a federal warrant, and a detainer is not execution of a federal warrant.

[O]nly the execution of a parole violator warrant, not its issuance, triggers the due process requirement of a hearing. **Moody v. Daggett**, 429 U.S. 78, 87 (1976); **United States v. Chaklader**, 987 F.2d 75, 77 (1st Cir. 1993). . . . The Parole Board may issue the warrant, place it as a detainer against the prisoner, and then wait to execute it until the prisoner has completed service of a prison sentence imposed for any crimes committed while on parole. **Tijerina v. Thomburgh**, 884 F.2d 861, 865–66 (5th Cir. 1989). See also **Barnard v. Henman**, 89 F.3d 373, 378 (citing Tijerina ); **Spotted Bear v. McCall**, 648 F.2d 546, 547 (9th Cir. 1980). Thus, "[a] warrant is not considered 'executed' where a parolee has been arrested on an independent intervening charge, and a detainer is placed at the institution with custody." **Hopper v. United States Parole Comm'n**, 702 F.2 842, 848 (9th Cir. 1983). Further, neither the decision to revoke parole nor the holding of a parole revocation hearing are sufficient to execute the violator warrant. See **Berg v. United States Parole Comm'n**, 735 F.2d 378, 379 (9th Cir. 1984).

4

*Anderson v. U.S. Parol Comm'n*, 2002 WL 32332182 (D.S.C. June 21, 2002) *aff'd*, 48 F. App'x 92 (4th Cir. 2002).

Accordingly, the petitioner's claim that he was entitled to a parole revocation hearing within 180 days of his entrance into federal custody of his present conviction has no merit and must be dismissed.

### B. Compassionate Release or Transfer

The Court agrees with the R&R that the Court may not usurp the Parole Commissions's position as established in the statutory scheme enacted by Congress so long as there are no violations of any required due process protections [*See* Doc. 23 at 9].

The petitioner claims that the current detainer is prejudicing his application for compassionate release. The petitioner's due process rights were not violated because he lacks any procedural due process liberty interest in compassionate release, and the error alleged "does not shock the conscience so as to amount to a substantive due process violation." *Hernandez-Castillo v. Bureau of Prison*, 56 F. App'x 256, 257 (6th Cir. 2003).

As to the petitioner's eligibility for transfer, the Supreme Court rejected a prisoner's claim that a detainer adversely affected his prison classification and qualification for prison programs on the ground that the claim did not implicate a due process right. *Moody v. Daggett*, 429 U.S. 78, 88 (1976). Similarly, even assuming that the warrant impinges on the petitioner's ability to obtain a transfer, this does not implicate a due process right. Accordingly, the petitioner's claim that he was prejudiced by the detainer is denied.

## IV. Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 23]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the petitioner's Objections **[Doc. 25]** are **OVERRULED**. Accordingly, the petitioner's Motion Under 28 U.S.C. § 2241 **[Doc. 1]** is hereby **DENIED** and **DISMISSED WITH PREJUDICE**. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the respondents and strike this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** April 11, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE